IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL URRUTIA-TRUJILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02271-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director at the U.S. Immigrations and | ) | |
| Customs Enforcement New Orleans Field | ) | |
| Office, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Miguel Angel Urrutia-Trujillo, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  The Court ordered Respondent to show cause why the Writ should not be granted.  (ECF No. 6.)  Respondent responded. (ECF No. 8.)  Petitioner replied. (ECF No. 10.)  And for the reasons below, the Court **GRANTS** the Petition.

## BACKGROUND

Petitioner, an El Salvadoran citizen, entered the United States in 2018.  (ECF No. 1 at PageID 4.)  He has been living in the United States and has no criminal history.  (*Id.* at PageID 2.)  The Department of Homeland Security ("DHS") arrested Petitioner on December 5, 2025.  (ECF No. 1 at PageID 4.)  It issued Petitioner a Notice to Appear ("NTA") that same day.  (ECF No. 1-1 at PageID 16.)  The NTA charged Petitioner with being an alien "present in the United States who has not been admitted or paroled, or who has arrived in the United States at any time

1

other than as designated by the Attorney General" under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (*Id.*)  Petitioner is currently in ICE custody at the West Tennessee Detention Center in Mason, Tennessee.  (ECF No. 1 at PageID 2.)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing.  (*See generally* ECF No. 1.)  Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings.  (*See id.*)  Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act and his Fifth Amendment right to due process.  (ECF No. 1 at PageID 13–14.)  He asks the Court to grant the Petition and order his immediate release.  (*Id.* at PageID 14.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  *Lopez-Campos*, 2026 WL 1283891, at *13.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion.  *Id.* at *6.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."  *Id.* at *13.

Respondent concedes that "*Lopez-Campos* controls the outcome of this matter."[1]  (ECF No. 11 at PageID 131.)  But Respondent asks the Court to order that Petitioner receive a bond hearing "within 10 business days, and if that does not occur, Petitioner should be released from custody."  (*Id.* at PageID 132.)

The Court **GRANTS** the Petition.  Petitioner's detention not only violated procedural due process but deprived him of liberty for over five months.  He is therefore entitled to immediate release.  *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 26th day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] Even still, Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition.  (ECF No. 11 at PageID 132.)  The Court has rejected this same argument countless times and need not re-explain its reasoning.  *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).